IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00128-MR

| | |
|---|---|
| JONAH DAVID TEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARK GOUGE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Yancy County Detention Center. [Doc. 1]. He moved to proceed *in forma pauperis*. [Doc. 2]. The Court mailed the Plaintiff an Order of Instructions and a copy of the docket sheet on June 28, 2022. [Doc. 3]. The Order of Instructions and docket sheet were Court's returned as undeliverable. [Doc. 6] (envelope stamped "Return to Sender"). On July 14, 2022, the Court denied the IFP Application and ordered the Plaintiff to pay the filing fee or file an amended Application within 14 days. [Doc. 4]. The Plaintiff was cautioned that "the failure to timely comply with this Order will result in this case's dismissal without prejudice

and without further notice to the Plaintiff." [Id. at 3]. The July 14 Order was returned as undeliverable. [Doc. 7] (envelope stamped "Return to Sender").

On July 18, 2022, a Notice was docketed in which the Plaintiff changed his address from the Yancey County Detention Center to a private residence. [Doc. 5]. On July 21, 2022, the Court re-mailed the Order of Instructions [Doc. 3] and the July 14 Order [Doc. 4], along with another blank IFP Application form, to the Plaintiff's new address. The Plaintiff has failed to file an Amended IFP Application or pay the filing fee, and the time to do so has expired.

The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge

3

Case 1:22-cv-00128-MR   Document 8   Filed 08/16/22   Page 3 of 3